USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-30-10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**EARL FORSYTHE,**

       **Plaintiff,**

   - against -

**CIGNA HEALTHCARE, et al.,**

       **Defendants.**

**REPORT AND**
**RECOMMENDATION**

**09 Civ. 7633 (JSR) (RLE)**

**To the HONORABLE JED S. RAKOFF, U.S.D.J.:**

## I. INTRODUCTION

On September 2, 2009, *pro se* Plaintiff Earl Forsythe filed his Complaint against CIGNA Healthcare ("CIGNA"), and AlliedBarton Security Services, LLC ("AlliedBarton"), alleging violations of the Employment Retirement Income Security Act ("ERISA"). He seeks $600,000 in compensatory and exemplary/punitive damages. AlliedBarton filed a motion to dismiss the Complaint pursuant to Rule 12(b)(6) on November 18, 2009 (Doc. No. 4), and CIGNA filed a similar motion that same day. (Doc. No. 7.) Also pending before the Court is Forsythe's motion to compel. (Doc. No. 22.) For the reasons that follow, I recommend that Defendants' motions be **GRANTED,** and Forsythe's motion be **DENIED** as moot.

## II. BACKGROUND

Forsythe contends that Defendants violated ERISA because his son did not receive health insurance coverage when he was hospitalized for a chronic asthmatic illness in October 2007. (Compl. at ¶¶ III B-C.) He alleges that since CIGNA did not pay the medical and hospital bills for his son's treatment, and that he could not afford to pay for further treatment, his son was deprived of "the medical treatment he needs." (See *id.* ¶ III C.) Additionally, Forsythe argues that "AlliedBarton and CIGNA breached the contract with each other." (*Id.*)

Forsythe attached to his Complaint various medical bills from New York Presbyterian Hospital, and benefits description for the AlliedBarton Security Services Plan B Family Option plan. It appears that Forsythe is complaining specifically about four bills for his son's medical services on (1) October 1-3, 2007; (2) October 4, 2007; (3) October 22, 2007; and (4) March 11, 2008. (Compl.) Of these bills, the October 4, 2007 bill and the October 22, 2007 bill were billed to Forsythe's health insurance, which paid a certain percentage. Additionally, Forsythe submits a letter from the New York City Fire Department stating that it received either less than the total amount due, or it was informed that benefits were not available to Forsythe. The letter urges Forsythe to contact his insurer. According to the benefits description submitted by Forsythe, an employee's classification determined the maximum benefit per day and per year:

|            | Maximum per day | Maximum per year |
|------------|-----------------|------------------|
| Class I    | $310            | $9,300           |
| Class II   | $415            | $12,450          |
| Class III  | $515            | $15,450          |

### III. DISCUSSION

**A. Motion to Dismiss Standard**

In deciding a motion to dismiss under Rule 12(b)(6), the court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). In addition, under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the court must also apply a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in

2

original); *see Elektra Entertainment Group, Inc. v. Santangelo*, 2008 WL 4452393, at *2 (S.D.N.Y. Oct 1, 2008). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" to defeat a motion to dismiss. *Twombly*, 550 U.S. at 570; *see Johnson & Johnson v. Guidant Corp.*, 2007 WL 2456625, at *4 (S.D.N.Y. Aug. 29, 2007)).

Where a plaintiff is *pro se*, the court should apply "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Moreover, in deciding a motion to dismiss involving a *pro se* plaintiff, the court can look beyond the "four corners of the complaint" to all the pleadings before the court, including the plaintiff's opposition papers. *Pagan v. New York State Div. of Parole*, 2002 WL 398682, at *3 (S.D.N.Y. Mar. 13, 2002); *Amaker v. Haponik*, 2000 WL 343772, at *1 (S.D.N.Y. Mar. 31, 2000); *see also Burgess v. Goord*, 1999 WL 33458, at *1 n.1 (S.D.N.Y. Jan. 26, 1999).

**B. Forsythe Has Failed to Allege Any Facts Sufficient to Withstand a Motion to Dismiss**

Forsythe's Complaint should be dismissed because his claims are (1) preempted; and (2) not exhausted.

**1. Forsythe's Contract Claims are Preempted by ERISA**

Defendants interpret Forsythe's claims as claims for breach of contract and infliction of physical and emotional distress, and argue that they should be dismissed because they are preempted by ERISA. (CIGNA Memorandum of Law in Support of Defendant Connecticut General Life Insurance Company (improperly named as CIGNA Healthcare)'s Motion to Dismiss the Complaint ("CIGNA Mot.") at 2-4.) The Court agrees. ERISA "supersede(s) any and all State laws insofar as they may now or hereafter relate to any employee benefit plan. . ." 29 U.S.C. § 1144. "[C]ommon law causes of action . . . , each based on alleged improper processing of a claim for benefits under an employee benefit plan, undoubtedly meet the criteria

for pre-emption under § 514(a)." *Pilot Life Ins. v. Dedeaux*, 481 U.S. 41, 48 (1987); *Smith v. Dunham-Bush, Inc.*, 959 F.2d 6, 8 (2d Cir. 1992) (holding that common law contract and tort claims are preempted by ERISA).

Although Forsythe claims that he is pursuing an ERISA claim, the nature of his allegations could be construed as common law claims for breach of contract and infliction of physical and emotional distress. He asserts that CIGNA and AlliedBarton breached the contract with each other." (Compl. at ¶III.) If his claims are construed as common law contract and tort claims, they are preempted by ERISA, and should be **DISMISSED** on such grounds.

**2. Forsythe Failed to Exhaust his ERISA Claims**

Even if Forsythe's claims were not preempted, he has failed to exhaust his administrative remedies. "[T]he federal courts - including this Circuit - have recognized a 'firmly established federal policy favoring exhaustion of administrative remedies in ERISA cases.'" *Paese v. Hartford Life and Accident Ins. Co.*, 449 F.3d 435, 443 (2d Cir. 2006) (quoting *Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588, 594 (2d Cir. 1993)). Policy language stating that a policy holder "*may* appeal" is "sufficient to establish a requirement of appeal before legal action could be taken." *Greifenberger v. Hartford Life Ins. Co.*, 2003 WL 29990093 at *4 (S.D.N.Y. Dec. 18, 2003) (citing *Kennedy*, 989 F.2d at 593-94) (emphasis added).

Forsythe's policy required "that a claimant appeal twice before his administrative remedies are deemed to be exhausted . . . ." (CIGNA Mot. at 7 ; *see* Defendant AlliedBarton Security Services, LLC's Reply Brief in Support of its Motion to Dismiss ("AlliedBarton Reply") at 2.) First, a claimant must submit a request within one year of the adverse decision in order to initiate an appeal. (CIGNA Mot. at 7.) Second, if the claimant is dissatisfied with the first appeal decision, he may request a second review. (*Id.*) Finally, if dissatisfied with the

4

second review, a claimant may request a referral to an independent review organization. (*Id.*)
Forsythe did not allege, or provide any facts, to show that he had exhausted his administrative
remedies. Even after Defendants alerted him to the issue in their motions to dismiss, Forsythe
did not respond with any factual assertions that he even attempted to exhaust his remedies.
Therefore, Defendants' motions should be **GRANTED**, and Forsythe's Complaint **DISMISSED**
because he failed to exhaust his administrative remedies.

### 3. Forsythe's Motion is Moot

Forsythe's motion seeks to compel discovery, but does not make any new factual
assertions. He merely asks a series of questions about his benefits. He presents no information to
bolster his claim, and the Court can construe no plausible claim from his questions. As such, his
motion is moot because discovery as to CIGNA and AlliedBarton cannot move forward because
his Complaint should be dismissed. Therefore, I recommend that Forsythe's motion be **DENIED**
as moot.

## IV. CONCLUSION

In conclusion, I recommend that the motions be **GRANTED,** and Forsythe's motion be
**DENIED** as moot.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen
(14) days after being served with a copy of the recommended disposition to file written
objections to this Report and Recommendation. Such objections shall be filed with the Clerk of
the Court and served on all adversaries, with extra copies delivered to the chambers of the
Honorable Jed S. Rakoff, 500 Pearl Street, Room 1340, and to the chambers of the undersigned,
500 Pearl Street, Room 1970. Failure to file timely objections shall constitute a waiver of those
objections both in the District Court and on later appeal to the United States Court of Appeals.

*See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health & Human Servs.*, 892

F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); FED. R. CIV.

P. 72, 6(a), 6(d).

**Dated: August 30, 2010**
**New York, New York**

                                                    **Respectfully Submitted,**

                                                    **The Honorable Ronald L. Ellis**
                                                    **United States Magistrate Judge**


**Copies of this Report and Recommendation were sent to:**

*Pro Se* Plaintiff
Earl Forsythe
2931 8th Avenue, #2E
New York, NY 10039

Counsel for Defendants
Emily A. Hayes
Wilson, Elser, Moskowitz, Edelman, & Dicker, LLP
3 Gannett Drive
White Plains, NY 10604
*Counsel for CIGNA*

Janet B. Linn
Eckert, Seamans, Cherin, & Mellott, LLC
10 Bank Street, Suite 1061
White Plains, NY 10606
*Counsel for AlliedBarton*